| | |
|---|---|
| AMER O. GHAYYADA<br>*Plaintiff,*<br>v.<br>RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA<br>*Defendant.* | CASE NO. 3:11-cv-00037<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6) ("Motion to Dismiss"). (docket no. 6). Plaintiff's opposition takes the form of a "Motion to Deny Defendant['s] Motion to Dismiss." (docket no. 16). The Court conducted a hearing on these motions on August 29, 2011 in Charlottesville, VA. I have fully considered the arguments and authorities presented at the hearing, along with those set forth in both parties' filings. For the reasons stated below, I will grant Defendant's Motion to Dismiss in part, and deny it in part.

## I. BACKGROUND

### A. Plaintiff's Claims for Relief

Plaintiff Amer O. Ghayyada ("Ghayyada"), pro se, brought suit against his former employer, Defendant, the Rector and Visitors of the University of Virginia (the "University"). According to his Complaint, Ghayyada seeks to recover damages pursuant to 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the "A.D. Act as amended," presumably the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"); the First Amendment to the United States Constitution; the "Pay Act," presumably the

1

Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"); and the "Compensation Act," presumably the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). (*See* docket no. 3).

### B. Factual Background

Ghayyada worked as a Registered Nurse Clinician for the University of Virginia Health System[1] for roughly six years, until he was terminated on April 22, 2010 (Compl. ¶ 3(I)). On April 20, 2010, Ed Meyers ("Meyers"), who is identified as the "former Emergency Interim Director," and Deborah Franklin ("Franklin"), who is identified as an "advisory council member," called Ghayyada a "terrorist[] and other derogatory remarks . . . ." Compl. ¶ 3(I). Earlier, in June of 2008, Meyers allegedly disciplined Ghayyada for remarking that "God will punish gay marriage." Compl. ¶ 3(V). Ghayyada complained about this treatment to Emergency Department Director Alisa Slimnick ("Slimnick"), who Ghayyada claims then retaliated against him by terminating him on April 22, 2010. Compl. ¶ 3(I).

After Ghayyada's termination, an administrator, Mr. Croonquest ("Croonquest"), allegedly told Ghayyada that he was terminated because of "bad timing," specifically that "there was a murder at college and [an] attempted bombing in NY." Compl. ¶ 3(III). These references apparently relate to the May 3, 2010 murder of University of Virginia undergraduate Yeardley Love, and the attempted May 1, 2010 bombing of Times Square in New York City, both of which occurred *after* Ghayyada's termination.

Ghayyada further alleges that Slimnick and Ms. Hinger ("Hinger"), one of Ghayyada's nursing colleagues, defamed Ghayyada by falsely writing that he "sent messages for 6 months, with an escalation over 10 days, and that [he] was accused of harassment in a previous job." Compl. ¶ 3(IV). Although it is not clear from the Complaint, the alleged defamatory document

---

[1] The Complaint refers to the "University of Virginia Medical Center Emergency Department."

2

is evidently a "Personnel Action Form," setting forth the University's reasons for his termination, as follows:

> [Ghayyada] sent multiple inappropriate messages to a female nurse in the department on days when they worked together. This has been occurring off and on over the last 6 months but over the last 10 days has escalated from comments such as "you're sweet" and "you're cute" to "I am attracted to you and don't know what to do about it" and "In heaven we shall hang out." This is when the female nurse became frightened and notified management. [Ghayyada]'s wife then contacted the female nurse, stating that [Ghayyada] told her they were having an affair with times and places they met together outside work, none of which is true. The female nurse is feeling threatened and unsafe at work. In June of 2008, [Ghayyada] was again counseled for making inappropriate comments regarding sexual orientation.

Def.'s Br. Ex. A, at 2.[2] Ghayyada also alleges that he was not paid as well as a less experienced female colleague, and that he was improperly denied payment for overtime. Compl. ¶ 3(VI–VII).

## C. Procedural History

After Ghayyada's termination, he filed a grievance under the state grievance statute, Va. Code § 2.2–3000 *et seq.*, claiming that his termination was based on his "Islamic religion, sex, and place of origin, which is the Middle East." Def.'s Br. Ex. C, at 6.[3] Ghayyada's case ultimately came before Hearing Officer William S. Davidson, who decided that Ghayyada's termination was justified, and unrelated to his protected characteristics. Def.'s Br. Ex. A.

---

[2] I am not permitted, generally, to look outside a plaintiff's complaint when considering a motion to dismiss pursuant to Rule 12(b)(6); however, I find it appropriate to quote an Exhibit attached to Defendant's Brief because Plaintiff expressly alleges written defamatory statements in his Complaint. Defendant has merely provided that statement in full. "[W]hen a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment." *Gasner v. Cnty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995) (collecting cases). In other words, "the scope of the Court's consideration [may] extend[] well beyond the four corners of the . . . Complaint." *Id.*

[3] I again reference Exhibits provided by Defendant. While, ordinarily, I "may not consider any documents that are outside of the complaint, or not expressly incorporated therein[,] . . . there are exceptions to [that] rule . . . . Specifically, a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 Fed. App'x. 395, 395 (4th Cir. 2006) (per curiam). Plaintiff does not dispute the authenticity of these records, which I deem central to the complaint, and I see no reason why they should not be judicially noticed.

Ghayyada then appealed the decision to the Director of the Virginia Department of Employment Dispute Resolution ("EDR"), arguing that the hearing officer failed to consider Ghayyada's proffered evidence of discrimination. Def.'s Br. Ex. C. That appeal failed. Def.'s Br. Ex. D.

Upon appeal to the Circuit Court for the City of Charlottesville, Ghayyada alleged that the administrative proceedings failed to accord him due process because the word "harassment" was not included in the termination notice listing the charges against him. On January 28, 2011, the Hon. Edward L. Hogshire rejected that argument, and affirmed the decision of the hearing officer. Def.'s Br. Ex. E. Finally, on March 18, 2011, the Virginia Court of Appeals dismissed Ghayyada's appeal of Judge Hogshire's decision as untimely. Def.'s Br. Ex. F.

## II. APPLICABLE LAW

Defendant's Motion to Dismiss presents a number of theories of relief: (a) res judicata as to all claims; (b) failure to exhaust administrative remedies as to the ADA claim; (c) failure to plead sufficient facts as to the Title VII claims; (d) Eleventh Amendment immunity as to the FLSA claim; (e) statute of limitations and sovereign immunity as to the defamation claim; (f) statute of limitations as to the First Amendment claim; and (g) failure to state a claim as to the EPA claim.[4] Each theory arises under either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6).

### A. Federal Rule of Civil Procedure 12(b)(1)

When considering a challenge to the factual basis for subject matter jurisdiction, "the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In deciding whether jurisdiction exists, the court "may consider evidence outside the pleadings without converting the

---

[4] At the August 29 hearing in Charlottesville, Defendant additionally argued that even if Plaintiff is held to have stated a plausible EPA claim, that claim is barred by the applicable statute of limitations.

4

proceeding into one for summary judgment." *Id.* When it comes to Rule 12(b)(1) dismissal, "[t]he moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citing *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)).

### B. Federal Rule of Civil Procedure 12(b)(6)

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept[] all well-pled facts as true and construe[] these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). A motion to dismiss tests the legal sufficiency of a plaintiff's complaint; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III. DISCUSSION

### A. Res Judicata Considerations

Defendant, in its Memorandum of Law in Support of its Motion to Dismiss, argues that all of Plaintiff's claims are barred by the doctrine of res judicata because Plaintiff's claims either have been, or could have been, litigated in previous actions. Defendant is partially convincing. At the outset, I note that although a motion to dismiss does not involve the resolution of factual disputes or defenses, "a motion to dismiss is the proper vehicle by which a defendant may assert that the plaintiff's claim is res judicata." *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000).

5

Under the Full Faith and Credit Act, state judicial decisions "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. Accordingly, federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Baker v. GMC*, 522 U.S. 222, 246 (1998) (Kennedy, J., concurring) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982)).

In Virginia, Supreme Court Rule 1:6, "Res Judicata Claim Preclusion," provides, in relevant part:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceedings depended, or the particular remedies sought.

Accordingly, the rule "operates to bar any claim that could have been brought in conjunction with a prior claim, where the claim sought to be barred arose out of the same conduct, transaction, or occurrence as the previously litigated claim." *Martin-Bangura v. Commonwealth Dep't of Mental Health*, 640 F. Supp. 2d 729, 738 (E.D. Va. 2009).[5]

The elements of the preclusion rule are satisfied in relation to Plaintiff's Title VII and ADA claims, and would therefore bar those claims if Plaintiff attempted to litigate them in state court. The earlier proceeding involved exactly the same two parties: Ghayyada and the University.

---

[5] In *Brooks v. Arthur*, 626 F.3d 194 (4th Cir. 2010), the United States Court of Appeals for the Fourth Circuit held that the "governing authority" on res judicata in Virginia is *State Water Control Bd. v. Smithfield Foods, Inc.*, 542 S.E.2d 766, 769 (2001) ("[t]o establish the defense of res judicata, the proponent of the doctrine must establish identity of the remedies sought, identity of the parties, and identity of the quality of the persons for or against whom the claim is made."). However, in "civil actions commenced after July 1, 2006," Supreme Court Rule 1:6, not *Smithfield Foods*, applies. *See Gunter v. Martin*, 708 S.E.2d 875, 876 (Va. 2011). Notably, the *Smithfield Foods* rule requires an identity of the remedies sought, whereas Rule 1:6 explicitly disavows any such requirement.

Furthermore, Plaintiff's Title VII and ADA claims arose out of the same transaction at issue in the earlier proceeding: Ghayyada's termination. It is clear that Plaintiff could have raised similar claims in that proceeding. *See* Va. Code § 2.2–3004A (providing for a hearing concerning "(iii) discrimination on the basis of race, color, religion, political affiliation, age, disability, national origin or sex; . . ." and "(vi) retaliation for exercising any right otherwise protected by law."). Under Rule 1:6, it is immaterial whether Ghayyada raised the same legal theory, or sought similar relief in the earlier action. Finally, under state law, the Circuit Court's decision is a final judgment. As Judge Hogshire recognized, a hearing officer's decision is "final and binding if consistent with law and policy." Va. Code. § 2.2–3005.1(C)(iii). On appeal to the Circuit Court, the judge may only overturn a hearing officer's decision if it is "contradictory to law . . . ." Va. Code § 2.2–3006(B). Because Ghayyada failed to meet his burden, the Circuit Court order stands as a judicial determination[6] that the hearing officer's decision was "final and binding." *See* Def.'s Br. Ex. E, at ¶6. Therefore, Plaintiff's Title VII and ADA claims are barred by the doctrine of res judicata, and are dismissed pursuant to Rule 12(b)(6).

On the other hand, Plaintiff's EPA and FLSA claims do not appear to arise out of the same transaction or occurrence that was the subject of the prior adjudication. Nor has Defendant presented any argument that those claims, or Plaintiff's defamation claim, could have been adjudicated before the hearing officer. Accordingly, the Circuit Court's decision does not have preclusive effects on those claims.

---

[6] The Full Faith and Credit Act, by its terms, applies only to "judicial proceedings." 28 U.S.C. § 1738. Accordingly, it "requires application of state preclusion law only where . . . the state administrative decision has been judicially reviewed[.]" *See Davenport v. N.C. Dept. of Transp.*, 3 F.3d 89, 93 n.4 (4th Cir. 1993). "In contrast, unreviewed administrative determinations lack preclusive effect in a subsequent Title VII action . . . ." *Rao v. Cnty. of Fairfax*, 108 F.3d 42, 45 (4th Cir. 1997).

### B. Subject Matter Jurisdiction over Plaintiff's ADA Claim

In the alternative, University correctly argues that this Court lacks subject matter jurisdiction over Plaintiff's ADA claim, and that it must be dismissed pursuant to Rule 12(b)(1). The party seeking to avail itself of a court's jurisdiction bears the burden of establishing that subject matter jurisdiction is proper. *Allen v. Coll. of William & Mary*, 245 F. Supp. 2d 777, 782 (E.D. Va. 2003). Under the ADA, as under Title VII, a plaintiff must exhaust administrative remedies by filing a discrimination claim with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 12117(a) (incorporating the procedures set forth in Title VII). "Importantly, a failure by the plaintiff to exhaust administrative remedies . . . deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 301 (4th Cir. 2009); *Bess v. Cnty. of Cumberland*, No. 5:10-cv-453, 2011 WL 3055289, at *5 (E.D.N.C. July 25, 2011).

In addition, only those discrimination claims specifically stated in the charge or developed during reasonable investigation of the original administrative complaint may be maintained in a subsequent lawsuit. *Jones*, 551 F.3d at 300. Plaintiff's EEOC Notice of Charge of Discrimination does not refer to any claims based on disability. *See* Def.'s Br. Ex. G.[7] Therefore, this Court lacks jurisdiction over Plaintiff's ADA claim, and it must be dismissed pursuant to Rule 12(b)(1).[8]

### C. Plaintiff's Fair Labor Standards Act Claim

Because the Commonwealth has not consented to suit for claims arising under the FLSA, this Court lacks jurisdiction over any such claim, and Plaintiff's FLSA claim is dismissed with prejudice, pursuant to the doctrine of state sovereign immunity. "The judicial power of the

---

[7] Again, upon review of a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside of the pleadings. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

[8] Furthermore, nothing in the Complaint or any of the filings even suggests that Ghayyada is disabled. The ADA claim may therefore also be dismissed pursuant to Rule 12(b)(6).

8

United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment, then, has been held to "confirm the structural understanding that States entered the Union with their sovereign immunity intact, unlimited by Article III's jurisdictional grant [to federal courts]." *Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637 (2011).

In *Alden v. Maine*, 527 U.S. 706 (1999), the Supreme Court of the United States determined that the sovereign immunity of the states, as confirmed by the Eleventh Amendment, bars employees from bringing FLSA claims against nonconsenting states. In *Commonwealth v. Luzik*, 524 S.E.2d 871, 878 (Va. 2000), the Virginia Supreme Court determined that the Commonwealth has not consented to a waiver of its sovereign immunity with respect to FLSA claims. Furthermore, the University is an instrumentality of the state, and therefore immune from suit under FLSA. *McNamee v. Rector and Visitors of the Univ. of Va.*, No. 3:06-cv-43, 2006 WL 3053264, at *3 (W.D. Va. Oct. 26, 2006); *Tigrett v. Rector & Visitors of the Univ. of Va.*, 97 F. Supp. 2d 752, 756 (W.D. Va. 2000) (collecting cases).

Because an "Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar," *Edelman v. Jordan*, 415 U.S. 651, 678 (1974), Plaintiff's FLSA claim is dismissed with prejudice, pursuant to Rule 12(b)(1).

### D. Plaintiff's Defamation Claim

Because the University, as an arm of the state, is entitled to sovereign immunity from defamation claims, and because Plaintiff's defamation claim is time barred, Plaintiff's defamation claim will be dismissed with prejudice. Although the Virginia Tort Claims Act waives sovereign immunity for certain claims against "the Commonwealth," Va. Code § 8.01–

9

195.4, it lacks an "express provision limiting the immunity of the Commonwealth's *agencies . . . .*" *Rector and Visitors of the Univ. of Va. v. Carter*, 591 S.E.2d 76, 78 (Va. 2004) (emphasis added). The Supreme Court of Virginia has therefore determined that "as an agency of the Commonwealth, UVA is entitled to sovereign immunity under the common law absent an express constitutional or statutory provision to the contrary." *Id.*

In addition, Plaintiff failed to bring his defamation claim within the applicable statute of limitations. Under Virginia law, "[e]very action for injury resulting from libel, slander, insulting words or defamation shall be brought within one year after the cause of action accrues." Va. Code § 8.01–247.1. Plaintiff filed the instant lawsuit on May 23, 2011, alleging that he was defamed on April 22, 2010, more than thirteen months earlier. Accordingly, even if the doctrine of sovereign immunity did not protect the University, Plaintiff's defamation claim is time barred, and must be dismissed pursuant to Rule 12(b)(1).

### E. Plaintiff's First Amendment Claim

Plaintiff's First Amendment claim, which he brings pursuant to 42 U.S.C. § 1983, is also time barred. Plaintiff alleges that the University violated his First Amendment rights by disciplining him in June 2008, after he had said "God will punish gay marriage."

In considering a § 1983 claim, a court must apply the state's general or residual statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 250 (1989). In Virginia, every action for personal injuries, and therefore § 1983 claims, "shall be brought within two years after the cause of action accrues." Va. Code § 8.01–243(A); *Billups v. Carter*, 604 S.E.2d 414, 419 (Va. 2004). Because Plaintiff filed the instant lawsuit on May 23, 2011, nearly three years after his cause of action is alleged to have accrued, his § 1983 claim is time barred, and must be dismissed with prejudice, pursuant to Rule 12(b)(1).

10

### F. Plaintiff's Equal Pay Act Claim

### 1. Failure to State a Claim

Defendant's argument that Plaintiff has failed to establish a prima facie case under the Equal Pay Act, and his EPA claim must therefore be dismissed, is unconvincing. In order to establish a prima facie case for a violation of the EPA, a plaintiff must plead sufficient facts to demonstrate "(1) that [his] employer has paid different wages to employees of opposite sexes; (2) that said employees hold jobs that require equal skill, effort and responsibility; and (3) that such jobs are performed under similar working conditions." *Gustin v. W. Va. Univ.*, 63 Fed. App'x. 695, 698 (4th Cir. 2003) (unpublished opinion) (citing *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 613 (4th Cir. 1999). Ghayyada claims that he "discovered after July 23, 2010 in my [personnel] file that I was discriminated against with pay based on sex. I had more experience than my female counterpart, but [was] paid less by $.62 an hour."

The University argues that Ghayyada fails to state a claim because he has set forth no facts demonstrating that his female coworker held a position requiring "equal skill, effort and responsibility" and that the positions were performed "under similar working conditions." I am not so certain. The term "counterpart," as used in the Complaint, connotes one who is similarly situated. Given the mandate to construe this civil rights Complaint liberally, it could be inferred that Ghayyada's "counterpart" is one who performs essentially the same job functions, under essentially the same conditions. Ghayyada has not, therefore, failed to plead sufficient facts to establish a prima facie case of an EPA violation.

### 2. Statute of Limitations

At the Charlottesville hearing on August 29, 2011, the University argued that even if Ghayyada has alleged facts sufficient to demonstrate that his claim for relief is plausible on its

11

Case 3:11-cv-00037-NKM-BWC   Document 23   Filed 09/12/11   Page 11 of 14   Pageid#: 290

face, his EPA claim is nonetheless time barred. I find to the contrary. A cause of action under the EPA is "forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued . . . ." 29 U.S.C. § 255(a).

When it comes to the cause of action's accrual, "[t]he continuing discrimination theory applies to . . . Equal Pay Act . . . claims." *Nealon v. Stone*, 958 F.2d 584, 590 n.4 (4th Cir. 1992). Although a plaintiff is limited only to those damages that accrued during the two- or three-year period prior to filing suit (depending on whether the violation was willful or not), the continuing violation theory essentially treats each paycheck as a new violation of the EPA. *Id.* at 591 n.5. The statute of limitations period begins to run, then, upon elimination of the violation or the termination of a plaintiff's employment. *Id.* at 592.

Relying on a "Request for Internal Alignment Review" dated March 7, 2005 ("Internal Review"), Plaintiff's Complaint asserts that he was being paid less than a similarly situated female colleague by sixty-two cents an hour. The Internal Review, signed by Kim M. Ellis and Ed Meyers, recommends that Plaintiff's hourly wage be increased, commensurate with his experience, and in light of the wages that his female colleagues were earning at the time.

At the August 29 hearing, Plaintiff claimed that he discovered the Internal Review as recently as July 23, 2010 in his personnel file. (*See also* Pl.'s Resp. to Def.'s Mot. to Dismiss, Ex. B). The date on which Plaintiff discovered the document, however, is of little import for purposes of determining when the statute of limitations commenced running. Nevertheless, it remains unclear whether the Internal Review produced an actual pay increase for Ghayyada, bringing his wages in line with his female colleagues, or whether the document merely represented a recommendation, on which the University might have taken no action. The

12

Internal Review only shows, on its face, that Ghayyada at one time earned less than other—female—staff members, two of whom had less "directly related experience."

Plaintiff's Complaint alleges a pay discrepancy over six years, which seemingly represents his entire tenure working for the University of Virginia Health System. Taking that statement as true, as I must, Plaintiff's EPA claim is not necessarily barred by the applicable statute of limitations. On the contrary, if a violative pay discrepancy existed for the duration of Plaintiff's time with the University of Virginia Health System, then, under the continuing violations theory, the statute of limitations would not have begun to run until Plaintiff's April 22, 2010 termination. Because Plaintiff's allegations are not necessarily barred by the applicable statute of limitations, and because, as stated above, Plaintiff has alleged facts sufficient to make out a claim for an EPA violation, his EPA claim survives Defendant's Motion to Dismiss.

## IV. CONCLUSION

In summary: (a) Plaintiff's ADA and Title VII claims are barred by the doctrine of res judicata; (b) additionally, the court lacks jurisdiction over the ADA claim because Plaintiff has failed to exhaust administrative remedies, as required by statute; (c) Plaintiff's FLSA claim is barred by the doctrine of sovereign immunity; (d) Plaintiff's defamation claim is time barred, and Defendant is entitled to sovereign immunity against such a claim; (e) Plaintiff's § 1983 claim alleging violations of his First Amendment rights is also time barred; however, (f) Plaintiff's EPA claim survives Defendant's Motion to Dismiss.

For the reasons stated above, it is hereby ORDERED that Defendant's Motion to Dismiss (docket no. 6) is GRANTED in part and DENIED in part.

The Clerk of the court is directed to send a copy of this memorandum opinion and accompanying order to all counsel of record.

Entered this \_\_12th\_\_ day of September, 2011.

                                                     NORMAN K. MOON
                                                     UNITED STATES DISTRICT JUDGE